Case 1:25-cv-00156   Document 14   Filed on 09/02/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THO DUC HUYNH, | § § § § | |
| Petitioner, | | |
| v. | § § § § § § | Civil Action No: 1:25-cv-00156 |
| FRANCISCO VENEGAS, | | |
| Respondent. | | |

# ORDER

Before the Court is Respondent's "[Corrected] Response to Petition for Writ of Habeas Corpus and Motion to Dismiss" (Respondent's "Response and Motion to Dismiss"). Dkt. No. 9. Respondent argues that Petitioner's continued post-removal-order immigration detention is lawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that Petitioner has failed to exhaust his administrative remedies. *Id.* at 8–13.

Earlier last month, when the Court ordered Respondent to respond to Petitioner's "Petition for Writ of Habeas Corpus (Petitioner's "Petition"), it explained that the Court would "set a deadline for [Petitioner's] reply" after receiving the response. Dkt. No. 3 at 3; *see also* Dkt. No. 6. In habeas cases, federal law generally directs courts to schedule a hearing, at which the detainee shall be present, to take place no later than five days after receiving a respondent's response unless good cause warrants additional time. 28 U.S.C. § 2243. However, an evidentiary hearing is unnecessary when the parties' filings raise only "questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989); *cf. Walker v. Johnston*, 312 U.S. 275, 285 (1941) (holding that district court erred in resolving factual and legal questions in habeas

proceeding solely on the petition, response, and accompanying affidavits without holding an evidentiary hearing).

Here, Respondent claims that "ICE has made significant efforts with securing Petitioner's removal to Vietnam in the reasonably foreseeable future," but that "Petitioner has refused to help with efforts to obtain Travel Documents from Vietnam and denied receipt or acknowledgement of ICE's Warning for Failure to Depart." Dkt. No. 9 at 11. Respondent also contends that there is no evidence that "there has been any administrative determination [concerning]…whether there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future to establish exhaustion of administrative remedies." *Id*. at 12.

Petitioner has not yet had an opportunity to address these factual allegations. The Court acknowledges the possibility that affording Petitioner an opportunity to reply to Respondent's Response and Motion to Dismiss could settle all factual issues, leaving only questions of law to be resolved, thus making an evidentiary hearing unnecessary. *Cf. Blackledge v. Allison*, 431 U.S. 63, 80 (1977) (holding that evidentiary hearing was not necessary even though habeas petition was not facially meritless because of availability of summary judgment procedure);[1] *accord Jeter v. Keohane*, 739 F.2d 257, 258 (7th Cir. 1984) (per curiam) (In habeas proceedings involving a federal prisoner, "[a]n evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); *U. S. ex rel. Kendzierski v. Brantley*, 447 F.2d 806, 809 (7th Cir. 1971) (noting that factual averments in habeas proceedings should receive the "benefit of an

---

[1] Because both parties have produced significant evidentiary material outside the pleadings for consideration, analysis of Petitioner's claims will ultimately be akin to a summary judgment procedure. *See* Fed. R. Civ. P. 12(d) ("If, on a [motion to dismiss], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment. In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding[.]").

adversary presentation by both parties," only after which "will it be possible to determine whether an evidentiary hearing is necessary[.]"); *Yeaman v. United States*, 326 F.2d 293, 294 (9th Cir. 1963) (per curiam) ("When the merits of [a habeas] application can be determined on the record before the court, a hearing is not required[.]"). At minimum, this possibility constitutes "good cause" to not hold an evidentiary hearing at this time. 28 U.S.C. § 2243.

Accordingly, Petitioner is **ORDERED** to reply to Respondent's Response and Motion to Dismiss on or before **September 23, 2025**. Respondent is **FURTHER ORDERED** to promptly inform the Court if Petitioner is transferred to a different facility or removed during the pendency of this action. The Court will determine whether to schedule an evidentiary hearing after receiving Petitioner's reply.

**SO ORDERED.**

**SIGNED** on this **2nd** day of **September, 2025**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**